UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 3:25-CR-00087 |
| ANDREW HIGGINS, | (MEHALCHICK, J.) |
| Defendant. | |

**MEMORANDUM**

Pending before the Court is Defendant Andrew Higgins's ("Higgins") motion to dismiss the indictment. (Doc. 44). For the following reasons, Higgins's motion is **DENIED**.[1]

**I.   FACTUAL BACKGROUND**

The following background is taken from the indictment and the parties' filings related to the instant motion. Higgins is an adult currently incarcerated at the Lackawanna County Prison. (Doc. 44, ¶ 1). On March 25, 2025, the Government filed an indictment against Higgins. (Doc. 1). In the indictment, the Government alleges that on or around January 15, 2025, and continuing through January 17, 2025, Higgins attempted to induce an individual he believed to be under the age of eighteen "to engage in sexual activity for which he could be charged with a criminal offense under Pennsylvania law, namely, Involuntary Deviate Sexual Intercourse." (Doc. 1, at 1). Higgins now moves to dismiss the indictment, alleging violations of the Speedy Trial Act. (Doc. 44; Doc. 45).

---

[1] The instant motion (Doc. 44) is a counseled, re-filed version of Higgins's previous *pro se* motion to dismiss the indictment. (Doc. 22). Because Higgins refiled his previous motion, the Court also **DENIES** Higgins's *pro se* motion. (Doc. 22).

**II.    STANDARD OF REVIEW**

Both the Speedy Trial Act and the Sixth Amendment regulate the time in which trial must begin in criminal cases. *See Zedner v. United States*, 547 U.S. 489, 500 (2006) (stating "the Speedy Trial Act comprehensively regulates the time within which a trial must begin"); *see also Barker v. Wingo*, 407 U.S. 514, 515 (1972) (stating "a speedy trial is guaranteed [to] the accused by the Sixth Amendment to the Constitution"). The Speedy Trial Act states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
>
> 18 U.S.C.A. § 3161 (b)(1)

If a defendant "is not brought to trial within the time limit required by [the Speedy Trial Act] . . . [the] indictment shall be dismissed on motion of the defendant." 18 U.S.C.A. § 3162 (a)(2). However, the Speedy Trial Act excludes certain periods of time when "computing the time within which the trial of any such offense must commence" such as:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> 18 U.S.C.A. § 3161 (h)(7)(A).

The Sixth Amendment also ensures criminal defendants "enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. Courts weigh four factors to determine whether a

defendants' Sixth Amendment speedy trial rights were violated: "'(1) the length of the delay [pending trial], (2) the reasons for the delay, (3) whether, in due course, the defendant asserted his right to a speedy trial[,] and (4) the actual prejudice the defendant suffered as a result.'" *United States v. Rose*, 365 F. App'x 384, 388 (3d Cir. 2010) (nonprecedential) (quoting *United States v. Dent*, 149 F.3d 180, 184 (3d Cir. 1998)). If the analysis of these factors "leads the court to conclude that the government has violated a defendant's rights, the court must dismiss the indictment." *Rose*, 365 F. App'x at 388.

### III. DISCUSSION

Higgins moves for dismissal under both the Speedy Trial Act and the Sixth Amendment. (Doc. 45). The Court will address each issue in turn.

#### A. THE SPEEDY TRIAL ACT

Higgins avers that he is entitled to dismissal under the Speedy Trial Act his former attorney did not consult with Higgings before filing motions to continue trial. (Doc. 45, at 2-4). As such, according to Higgins, the Court should not consider those motions when determining compliance with the Speedy Trial Act's seventy-day time limit. (Doc. 45, at 2-4). The Government counters that the Speedy Trial Act allows a defendant's counsel to move to continue trial even where the defendant himself does not consent to the motion. (Doc. 49, at 7).

The Speedy Trial Act requires trial to commence within seventy days of an indictment, but lists various "periods of delay [which] shall be excluded in computing the time within which an information or an indictment must be filed." 18 U.S.C.A. § 3161 (h). Listed amongst these periods is:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant *or his counsel* . . . if the judge

granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C.A. § 3161 (7)(A) (emphasis added).

The statute does not state that a continuance must be "at the request of the defendant *and* his counsel," rather, it states the continuance must be "at the request of the defendant *or* his counsel." 18 U.S.C.A. § 3161 (7)(A) (emphasis added). The use of the word "or" implies that the Court may exclude time from the Speedy Trial Act's seventy-day time limit if *either* the defendant or his counsel files a motion for a continuance. *See United States v. Green*, 516 F. App'x 113, 122 (3d Cir. 2013) (nonprecedential) (finding that because the Speedy Trial Act states that a court may grant a continuance "at the request of the defendant or his counsel," a court is permitted to exclude time from the Speedy Trial Act's seventy-day time limit based on defense counsel filing a motion to continue, regardless of whether the defendant agreed to the motion); *see also United States v. Baer*, No. CR 2:15-00417, 2019 WL 1379879, at *18 (D.N.J. Mar. 27, 2019), *aff'd*, 843 F. App'x 472 (3d Cir. 2021) (finding the same). To exclude time based on a motion to continue, the Court must find "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.A. § 3161 (7)(A); *see Green*, 516 F. App'x at 123. The ends of justice justify continuances where defense counsel requests additional time to review discovery materials and prepare pretrial motions. *See United States v. Hatchett*, 629 F. App'x 229, 231 (3d Cir. 2015) (nonprecedential) (finding that a continuance was justified, in part, because it allowed defense counsel time "to review discovery materials"); *see also United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (noting that a continuance may be justified "to permit the preparation of pretrial motions"); *see also United States v. Wilson*, 216 F. Supp. 3d 566, 580 (E.D. Pa. 2016), *aff'd*, 960

F.3d 136 (3d Cir. 2020) (noting the same). Here, when granting each of the motions filed by Higgins's former counsel, the Court noted that the ends of justice outweighed the public and Higgins's interests in a speedy trial because counsel represented to the Court that he required additional time to review the Government's disclosures, conduct an independent investigation into Higgins's charges, and prepare pretrial motions. (Doc. 19; Doc. 26). Such justifications are sufficient under the Speedy Trial Act. *See Hatchett*, 629 F. App'x at 231; *see also Fields*, 39 F.3d at 444; *see also Wilson*, 216 F. Supp. 3d at 580. Accordingly, the Court **DENIES** Higgins's motion to dismiss the indictment as related to the Speedy Trial Act. (Doc. 44).

    B.    THE SIXTH AMENDMENT

Higgins also submits that he is entitled to dismissal under the Sixth Amendment because: (1) the Court delayed his trial for an extended period of time, (2) there was no justification for the delay, (3) he has been consistently asserting his speedy trial rights since July 22, 2025, and (4) he has been prejudiced by the delay in his trial. (Doc. 45, at 4-7). The Government counters that Higgins's Sixth Amendment rights have not been violated because: (1) the trial delay has not been unusually long, (2) the delay has been caused by the defense's own conduct, (3) Higgins has recently consented to continuing his trial, and (4) Higgins has not been prejudiced by the delay. (Doc. 49, at 9-19).

The Speedy Trial Act's protections generally "exceed those of the Sixth Amendment, which does not require that a trial commence within a specified time." *United States v. Lattany*, 982 F.2d 866, 871 n.5 (3d Cir. 1992). However, even where a defendant's rights under the Speedy Trial Act have not been violated, courts analyze a defendant's Sixth Amendment

speedy trial rights by balancing the *Barker*[2] factors: "'1) the length of the delay [pending trial], (2) the reasons for the delay, (3) whether, in due course, the defendant asserted his right to a speedy trial[,] and (4) the actual prejudice the defendant suffered as a result.'" *Rose*, 365 F. App'x at 388 (quoting *Dent*, 149 F.3d at 184).

Regarding the first factor, a defendant "must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014) (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). "In other words, a court first decides whether the delay is long enough that it should trigger analysis of other *Barker* factors. If it is, the length of the delay is also separately weighed in the court's analysis of the remaining factors." *Velazquez*, 749 F.3d at 174 (citations omitted). The length of delay is measured from the time of the indictment. *See United States v. Wilson*, 216 F. Supp. 3d 566, 577 (E.D. Pa. 2016), *aff'd*, 960 F.3d 136 (3d Cir. 2020). A delay is long enough to "trigger further review of *Barker* factors 'at least as that delay approaches one year.'" *Velazquez*, 749 F.3d at 174 (quoting *Doggett*, 505 U.S. at 652 n.1). However, even where a trial has been delayed for more than a year, a defendant's speedy trial rights are not violated where the other *Barker* factors weigh against such a finding. *See Green*, 516 F. App'x at 124 (finding that a defendant's speedy trial rights were not violated despite the trial being delayed for twenty-two months); *see also United States v. Jackson-Fletcher*, No. CR 23-154-2, 2025 WL 373436, at *4 (E.D. Pa. Feb. 3, 2025) (finding that a defendant's speedy

---

[2] In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established this four factor test, and in that case, determined that even though a defendant's trial was delayed for over five years, his Sixth Amendment speedy trial rights were not violated. 407 U.S. at 536.

trial rights were not violated despite trial being delayed for over twenty months). In this case, the Government indicted Higgins on March 25, 2025, and his trial has been delayed for less than a year. (Doc. 1). The present delay is not so unreasonable that the Court finds Higgins is entitled to relief based on the length of delay alone. *See Green*, 516 F. App'x at 124 (finding a trial being delayed over a year did not entitle a defendant to dismissal); *see also Jackson-Fletcher*, 2025 WL 373436, at *4 (same); *see also United States v. D'Ambrosio*, No. 1:15-CR-00003, 2016 WL 11626466, at *7 (noting that a delay of less than a year was not unreasonable). This is especially true considering the other three *Barker* factors all weigh against dismissal. *See Green*, 516 F. App'x at 124; *see also Jackson-Fletcher*, 2025 WL 373436, at *4.

As to the second factor, the central inquiry is "'whether the [G]overnment or the criminal defendant is more to blame for the delay.'" *Vanlier v. Carroll*, 535 F. Supp. 2d 467, 478 (D. Del. 2008), *aff'd*, 384 F. App'x 155 (3d Cir. 2010). The second factor weighs against a finding that a defendant's Sixth Amendment rights were violated where the delay is attributable to the defense rather than the Government. *See Vanlier*, 535 F. Supp. 2d at 478 (stating "[d]elays attributable to the defendant are not weighed against the Government"); *see also Jackson-Fletcher*, 2025 WL 373436, at *5 (finding the second factor weighed against a finding of a violation of the defendant's Sixth Amendment rights because the delay was "almost entirely attributable to defense motions"). Every delay in this case has been a result of a motion to continue filed by Higgins or his counsel. (Doc. 18; Doc. 25; Doc. 46). Accordingly, the second factor weighs against dismissal because the delay is entirely attributable to the defense, and not the Government. *See Vanlier*, 535 F. Supp. 2d at 478; *see also Jackson-Fletcher*, 2025 WL 373436, at *5.

The third *Barker* factor weighs in favor of a finding that a defendant's Sixth Amendment rights were violated where the defendant filed *pro se* letters or motions with the Court expressing concern about his speedy trial rights. *See United States v. Battis*, 589 F.3d 673, 681 (3d Cir. 2009). However, the third factor does not weigh in favor of finding a violation of a defendant's Sixth Amendment rights where the defendant sends mixed signals regarding whether he is prepared to go to trial or would like a continuance. *See Hakeem v. Beyer*, 990 F.2d 750, 764 (3d Cir. 1993) (stating "[r]epeated assertions of the right [to a speedy trial] do not, however, balance [the third] factor in favor of a [defendant] when other actions indicate that he is unwilling or unready to go to trial"); *see also United States v. Okoro*, No. 1:12-CR-241, 2022 WL 402693, at *4 (M.D. Pa. Feb. 9, 2022) (stating the same). Although Higgins filed both a *pro se* motion to dismiss on the basis of his speedy trial rights and the instant motion; after filing the instant motion, Higgins filed another motion to continue. (Doc. 22; Doc. 44; Doc. 46). Given Higgins's inconsistent stance as to whether he could promptly proceed to trial or requires a continuance, the third factor cannot weigh in favor of dismissal. *See Hakeem*, 990 F.2d at 764 (3d Cir. 1993); *see also Okoro*, 2022 WL 402693, at *4.

Regarding the final factor, a defendant may show prejudice "by showing that he was subject to 'oppressive pretrial incarceration,' that he suffered 'anxiety and concern' about the impending trial, or that his defense was impaired as a result of the delay." *Battis*, 589 F.3d at 682 (quoting *Barker*, 407 U.S. at 532). A court will not presume prejudice where a trial has been delayed for fourteen months or less. *Hakeem*, 990 F.2d at 762; *see also United States v. Hafner*, No. CR 19-790, 2020 WL 7028552, at *4 (D.N.J. Nov. 30, 2020). Where prejudice is not presumed, the defendant must present more than vague allegations that his pretrial detention caused him anxiety or harmed his ability to assert a defense. *See Wilson*, 216 F.

8

Supp. 3d at 578 (stating "[t]he possibility of prejudice is not enough; the defendant must establish that the delay actually caused him prejudice"); *see also Jackson-Fletcher*, 2025 WL 373436, at *6 (noting that vague allegations of prejudice are insufficient). To establish prejudice based on psychological harm, "a defendant must show that his anxiety extended beyond that which 'is inevitable in a criminal case.'" *Hakeem*, 990 F.2d at 762 (quoting *United States v. Dreyer*, 533 F.2d 112, 116 (3d Cir. 1976)); *see Jackson-Fletcher*, 2025 WL 373436, at *6. Higgins fails to show prejudice. Higgins's trial has been delayed for less than a year, so the Court cannot presume prejudice. *Hakeem*, 990 F.2d at 762; *see also Hafner*, 2020 WL 7028552, at *4. Higgins asserts, without citation, the following:

> This is the first time the [Higgins] has ever been incarcerated. [Higgins] alleges that he has suffered both physical and emotional harm since his incarceration. He also claims that he was here in the United States legally on an immigration visa; however, his visa lapsed and Immigration issued a detainer for Defendant's removal from the United States. The Defendant had plans to return to Jamica in a timely manner, so as to comply with his temporary visa, however these plans were upset due to his continued incarceration.

(Doc. 45, at 7).

Higgins's vague assertions that he "has suffered both physical and emotional harm since his incarceration" are insufficient to establish prejudice. (Doc. 45, at 7); *see Hakeem*, 990 F.2d at 762; *see also Jackson-Fletcher*, 2025 WL 373436, at *6. Further, Higgins fails to explain or provide evidence that the psychological harm associated with being incarcerated and suffering potential immigration consequences as a result of being criminally prosecuted are harms which "extended beyond that which 'is inevitable in a criminal case.'" *Hakeem*, 990 F.2d at 762 (quoting *Dreyer*, 533 F.2d at 116); *see Jackson-Fletcher*, 2025 WL 373436, at *6. Higgins also does not argue that the delay harmed his ability to prepare a defense at trial, nor could he given that after filing the instant motion, he filed a motion to continue on the basis

9

of his counsel requiring additional time "for effective preparation" for trial. (Doc. 46, at 2). Accordingly, the Court finds that the *Barker* factors weigh against dismissal and that Higgins's Sixth Amendment speedy trial rights were not violated.

### IV.   CONCLUSION

For the foregoing reasons, Higgins's motions to dismiss the indictment are **DENIED**. (Doc. 22; Doc. 44). An appropriate Order follows.

Dated: December 18, 2025                                  *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States District Judge**